## Case No. 416.

### The ANNIE.

[Blatchf. Prize Cas. 222.][1]

District Court, S. D. New York. Oct. 3, 1862.

PRIZE—VIOLATION OF BLOCKADE.

On further proof, vessel and cargo condemned for a violation of the blockade.

In admiralty.

## Case No. 417.

### The ANNIE.

[Blatchf. Prize Cas. 335.][1]

District Court, S. D. New York. March 26, 1863.

PRIZE—ATTEMPTED VIOLATION OF BLOCKADE.

Vessel and cargo condemned for an attempt to violate the blockade.

In admiralty.

BETTS, District Judge. The United States steamer State of Georgia seized this vessel and cargo February 24, 1863, at sea, near Little River inlet, off the coast of North Carolina. They were sent to this port for adjudication. A libel was filed, and a warrant of attachment and a monition thereon were issued and served on the same day. A regular default was moved in court, March 24, on the return of the above processes, for want of due appearance thereto.

The papers found on board of the vessel on her arrest were a certificate of British registry, issued at Nassau, N. P. December 30, 1862, to John Christopher Rehming, of the same place, as owner of the vessel, she being of foreign build, to wit, of Massachusetts, United States of America; an assignment of ownership indorsed upon the registry, January 25, 1863, by Joseph Roberts, of the same place, with a registry of Samuel Hawes as master, of the same date; a crew-list executed on the 20th of January by the said Hawes, as master and others named, for a voyage from Nassau to Philadelphia, and back to Nassau; and a clearance, on the same day, to the same master, from Nassau to Philadelphia, with a cargo of 2,200 bushels of salt and a package of tea. No other papers were found on board,

[1][Reported by Samuel Blatchford, Esq.]                    [1][Reported by Samuel Blatchford, Esq.]

except a private letter of a family character, apparently addressed from Kemptville, January 27, 1863, to the care of Messrs. Sawyer & Menendez, Nassau, with the following paragraph in it: "I hope you will succeed in running the blockade." On filing in court an affidavit in the above suit, made by Isaac Halleck, an acting master's mate, attached to the United States vessel-of-war, State of Georgia, that he was present at the capture of the above prize, that persons on board of her, when she was being pursued by the State of Georgia, abandoned her before her arrest, and that no person was found on her when she was apprehended, and on motion of the libellants, the court ordered that the examination of the said master's mate, in preparatorio, should be taken by one of the prize commissioners. The testimony of Halleck having been thus taken and duly returned to the court, it is made satisfactorily to appear, that on the 24th of February last the above named schooner Annie and cargo were captured as prize by the United States steamer State of Georgia, the witness being present; that when first discovered from the State of Georgia, the schooner was steering about south-west, under way, with all sails set; that her course was altered to the west, on the appearance of the State of Georgia in sight; that her crew all abandoned her at anchor in a boat, into which they seemed to transfer trunks or luggage; that the Annie and her cargo were seized off Little River inlet, on the coast of North Carolina, about a quarter of a mile from the land; that that coast was under actual blockade; that none of the crew of the prize were afterwards apprehended, so as to be produced in court as witnesses; and that the lading was chiefly salt.

Most plainly the schooner was wide of the ordinary course from Nassau to Philadelphia, and was caught in the act of entering a blockaded port. There is not a shadow of proof that she was on an innocent voyage. On the contrary, the case is replete with violent presumptions that she was seeking an illicit trade with an enemy port, in evasion of a well known and efficient blockade of it by the United States naval forces. These presumptions of fact are also of judicial cognizance. The Apollon, 9 Wheat. [22 U. S.] 374; Peyroux v. Howard, 7 Pet. [32 U. S.] 342.

The vessel and cargo are, accordingly, condemned to forfeiture.